IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIANNE LOCKE,

Plaintiff

v.

HAMPTON INN,

Defendant.                                        No. 08-0168-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

On March 5, 2008, Julianne Locke filed suit against her former employer the Hampton Inn alleging retaliation pursuant to 42 U.S.C. § 2000e (Doc. 1). Specifically, Locke alleges that the Hampton Inn retaliated against her for filing a charge of discrimination against it.[1]

Now before the Court is Locke's motion to proceed in forma pauperis (Doc . 2). By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. For many years, the federal district courts granted such motions if the movant was indigent and the complaint was neither frivolous nor malicious. **28 U.S.C. § 1915**. Since the enactment of the Prison Litigation Reform Act ("PLRA"), however, courts are required to conduct a more thorough analysis before

---

[1] The Court notes that Locke also has another suit pending against the Hampton Inn. ***See Locke v. Hampton Inn*, 08-0018-DRH**. In that case, Locke's complaint alleges that the Hampton Inn refused to increase her hours at work because she is a Native American.

granting pauper status. The Seventh Circuit has clarified that the PLRA "changed § 1915 not only for cases brought by prisoners, but in some respect for all indigent litigants." **Hutchinson v. Spink, 126 F.3d 895, 899 (7th Cir. 1997)**. Under the PLRA, the court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which relief can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. **28 U.S.C. § 1915(e)(2)**.

Locke's motion survives **§ 1915(e)(2)** review. She furnished an affidavit documenting her poverty. The action appears to be neither frivolous nor malicious. At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendant is immune from suit.

Accordingly, the Court **GRANTS** Locke's application to proceed *in forma pauperis* (Doc. 2). The Court **DIRECTS** the Clerk's Office to prepare and issue the summons for the named Defendant. Once the summons is issued, the Clerk's Office shall prepare USM-285 forms for Defendant. Further, the Court **DIRECTS** the United States Marshal to obtain service on same. Costs of service shall be borne by the United States of America.

**IT IS SO ORDERED.**

Signed this 18th day of March, 2008.

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**